UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NEFF MARINE INC.,

    Plaintiff,

    v.

JAMES DONNAN, and
ZACHARY VALLEE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Neff Marine Inc., a Florida corporation, sues James Donnan and Zachary Vallee, as follows:

### PARTIES

1. Neff Marine Inc. is a Florida corporation with its principal place of business located in Broward County, Florida.

2. James Donnan ("Donnan") resides in Center, Texas and is *sui juris*.

3. Zachary Vallee ("Vallee") resides in Mobile, Alabama and is *sui juris*.

### JURISDICTION AND VENUE

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Neff Marine Inc. is Florida corporation. Donnan and Vallee reside in Texas and Alabama respectively. Therefore, complete diversity exists.

5. The amount in controversy in this action, exclusive of interest, attorney's fees, and costs, exceeds the jurisdictional minimum of $75,000.00.

6. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions upon which the claims alleged herein are based occurred in this District, and the Defendants were required to pay Neff Marine Inc. a commission in this District.

## GENERAL ALLEGATIONS

7. On Saturday, April 10, 2021, Donnan telephoned Neff to inquire about a particular 42-foot Freeman marine vessel, which Neff had advertised. The advertised vessel had already been sold; however, Neff was aware of a different 42-foot Freeman that was available for purchase. That vessel, known as Geaux Time ("Vessel"), was owned by Vallee.

8. Some weeks before Donnan called Neff, Vallee asked Neff to locate prospective buyers for the Vessel. Thus, immediately upon hearing from Donnan that he was interested in purchasing a 42-foot Freeman, Neff reached out to Vallee to confirm that he still wished to sell his Vessel.

9. Vallee advised Neff that the Vessel was for sale, and that he wanted to net $980,000 in the transaction.

10. Neff immediately undertook to arrange an appointment for Donnan to see the Vessel. While the parties discussed logistics, Vallee sent Neff a detailed list of specifications for the Vessel along with photographs to provide to Donnan, which Neff did.

11. A showing was arranged for Monday, April 12.

12. Meanwhile, on Sunday April 11, Vallee asked Neff to act as his broker. Neff agreed, and promptly sent Vallee a Single Client Listing Agreement

MAURO LAW | 1001 YAMATO ROAD, SUITE 401 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

("Listing Agreement") for signature.  A copy of the Listing Agreement is attached as Exhibit A.

13. Donnan advised Neff that he wished to make an offer on the Vallee's Vessel of $1,100,000.00.  Neff thereupon prepared and sent to Donnan a written offer in the form of a Purchase and Sale Agreement ("PSA"), together with wiring instructions.  A copy of the PSA is attached as Exhibit B.

14. Pursuant to the Listing Agreement and the PSA, Neff was entitled to a ten percent commission on the sale.  Ten percent of the gross sales price is the industry standard commission amount in Florida for yacht transactions.

15. Vallee assured Neff he would sign the Listing Agreement.  Donnan likewise told Neff that he would execute the PSA and wire a deposit.  Appearing eager to establish credibility with Neff, Donnan sent Neff a video of himself boarding what appears to be a private jet with the message "So you know I am legit my plane and my past boat."

16. Both the PSA and the Listing Agreement identify both Vallee and Donnan by name.  Thus, upon receipt of the documents, the Defendants learned of one another's identity.

17. The next day, April 12, Vallee told Neff "sorry I ended up selling [the Vessel] this morning to someone else" who he later identified as "someone from Tennessee."

18. At the same time, Donnan told Neff that a "tax issue" precluded him from buying a boat in Florida.

19. Contrary to what both men told Neff, Donnan purchased the Vessel directly from Vallee for one million dollars—the same purchase price brokered by Neff, less Neff's commission.

20. Donnan freely admitted to Neff that he purchased the Vessel directly from Vallee, and expressed that he believed the commission was simply too much for the amount of work done by Neff.

21. All conditions precedent to this action have occurred or been waived.

## COUNT I
### Sales Commission (Procuring Cause)

22. Neff realleges paragraphs 1 through 21.

23. This is an action to recover a commission on the sale of the Vessel, procured by Neff.

24. Neff was the procuring cause of Donnan's purchase of the Vessel: Neff introduced Donnan to the Vessel and inaugurated negotiations between the parties, but was excluded from the transaction by both Vallee and Donnan.

25. The sale of the Vessel occurred as a result of Neff's efforts.

26. Neff earned, but was not paid a commission for Donnan's purchase of the Vessel from Vallee.

27. As a result of the conduct alleged herein, Neff sustained damages.

WHEREFORE, Neff demands judgment against the Defendants for damages and attorneys' fees and costs pursuant to the PSA, and reserves the right to seek leave to add claims for punitive damages.

## COUNT II
## Breach of Contract

28. Neff realleges paragraphs 1 through 21.

29. The parties entered into an agreement for the purchase and sale of the Vessel, the terms of which are memorialized in the PSA and the Listing Agreement. *See* Exhibit A.

30. Pursuant to the PSA, Donnan agreed to pay Vallee $1,100,000 in exchange for title to the Vessel, and Vallee agreed to pay $110,000 to Neff as a commission on the sale.

31. Vallee failed to pay Neff, and thereby breached the parties' agreement.

32. Neff has incurred damages as a result of the breach alleged herein.

WHEREFORE, Neff demands judgment against Vallee for damages and attorneys' fees and costs pursuant to the PSA, and reserves the right to seek leave to add claims for punitive damages.

## COUNT III
## Unjust Enrichment

33. Neff realleges paragraphs 1 through 21.

34. Neff conferred a benefit to Donnan and Vallee by facilitating the purchase and sale of the Vessel. Donnan received the Vessel, and Vallee received the purchase funds as a result of Neff's efforts.

35. The Defendants have knowledge of the benefit conferred upon them by Neff.

36. The Defendants accepted and retained the benefits conferred upon them, even though the circumstances are such that it is inequitable for the Defendants to retain the benefits conferred upon them without compensating Neff for its services.

WHEREFORE, Neff demands judgment against the Defendants for damages and attorneys' fees and costs pursuant to the PSA, and reserves the right to seek leave to add claims for punitive damages.

## COUNT IV
### Civil Conspiracy

37. Neff realleges paragraphs 1 through 21.

38. Donnan and Vallee entered into an agreement to deprive Neff of its earned commission by excluding it from the purchase and sale of the Vessel, which Neff brokered.

39. Donnan and Vallee acted on their agreement, closing on the transaction brokered by Neff, yet failing to pay Neff the commission to which it is entitled.

40. As a result of the conduct alleged herein, Neff has sustained damages.

41. Vallee breached the agreement by failing to pay Neff its commission when Vallee sold the Vessel to Donnan.

42. As a result of Vallee's conduct alleged herein, Neff has sustained damages.

Mauro Law | 1001 Yamato Road, Suite 401 | Boca Raton, Florida 33431 | 561.202.1992 | www.MauroLawFirm.com

WHEREFORE, Neff demands judgment against the Defendants for damages and attorneys' fees and costs pursuant to the PSA, and reserves the right to seek leave to add claims for punitive damages.

## COUNT V
## Intentional Interference with Business Relationship

43.  Neff realleges paragraphs 1 through 21.

44.  Neff had a business relationship with Vallee.  Specifically, Neff was authorized to act as Vallee's broker for the purpose of selling the Vessel to Donnan, for which he was entitled to be paid a commission.

45.  Donnan knew about the relationship between Neff and Vallee.

46.  Donnan intentionally and unjustifiably interfered with the relationship between Neff and Vallee, causing Neff to be deprived of a commission on the transaction.

47.  Donnan interfered with the relationship in order to acquire the Vessel at a lower price by avoiding a commission.  Donnan's interference was unjustifiable.

48.  As a result of Donnan's conduct alleged herein, Neff incurred damages.

WHEREFORE, Neff demands judgment against Donnan for damages and attorneys fees and costs pursuant to the PSA, and reserves the right to seek leave to add claims for punitive damages.

Dated: May 11, 2021.

                                        **MAURO LAW P.A.**

                                        */s/ C. Cory Mauro*
                                        C. Cory Mauro
                                        Florida Bar No. 384739
                                        1001 Yamato Road, Suite 401
                                        Boca Raton, FL 33431
                                        cory@maurolawfirm.com
                                        service@maurolawfirm.com